**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RYAN CODINA | § | |
| Plaintiffs, | § | |
| | § | |
| | § | CIVIL ACTION NO: |
| VS. | § | |
| | § | |
| | § | |
| PENSKE LOGISTICS, LLC | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Ryan Codina ("Codina" or "Plaintiff"), file this Original Complaint against Defendant Penske Logistics and for his causes of action respectfully shows the Court as follows:

**I.**
**PARTIES**

1.      Plaintiff is a Texas resident.

2.      Defendant Penske Logistics is a limited liability company duly authorized to do business in the State of Texas. Service of the Summons and this Complaint may be made by serving this Defendant's registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218

3.      Whenever in this Petition it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

**II.**
**JURISDICTION AND VENUE**

4.    Jurisdiction is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1331 because this matter is a civil action that arises under the laws of the United States. Jurisdiction is also proper pursuant to 29 U.S.C. §§ 2601 *et seq.* (the Family and Medical Leave Act) and 29 U.S.C. §§ 201 *et seq.* (the Fair Labor Standards Act).

5.    Venue is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant does business in Houston, Harris County, Texas, and because the causes of action alleged herein occurred in Houston, Harris County, Texas.

**III.**
**SUMMARY OF CLAIMS**

6.    Because Defendant has engaged in unlawful employment practices in violation of the Family and Medical Leave Act ("FMLA") and ("FLSA"), Codina seeks to recover damages or to secure equitable relief under both sections 29 U.S.C. §§ 2601 *et seq.* and 29 U.S.C. §§ 201 *et seq.*

7.    Defendant has engaged in unlawful employment practices in violation of sections 29 U.S.C. §§ 2601 *et seq.* by terminating Codina in retaliation for him taking time off under the FMLA to take care of a family member with a serious medical condition.

8.    Defendant has engaged in unlawful employment practices in violation of sections 29 U.S.C. §§ 201 *et seq.* by misclassifying Codina as an "exempt" employee and failing to pay him the proper wage for the overtime hours that he worked.

9.     These practices include, but are not limited, to the matters listed in this Complaint.

10.    No action was taken to correct the prevalent problem.

**IV.**
**FACTUAL BACKGROUND**

11.    Codina began working on or about February 2023 as a Driver. During the 2.5 years he worked for Defendant, Mr. Codina performed his job with professionalism and absolute excellence. Nevertheless, on or about September 18, 2025, Penske fired Mr. Codina for the (false) reason of "aggressive driving."

12.    On or about July 15, 2024, Mr. Codina had to take time off from work to take care of his cancer-stricken wife. As soon as Codina began to take intermittent FMLA leave to care for his wife, Penske began to retaliate against him by treating him worse than he had been treated prior to taking FMLA leave. Penske's retaliation against Mr. Codina culminated in his termination.

13.    Not satisfied with merely retaliating against Codina for taking leave under the FMLA, Penske prevented Mr. Codina from getting unemployment benefits by repeating to the Texas Workforce Commission (TWC) the falsehood that he had been fired for "aggressive driving." As a result of this lie, Mr. Codina did not receive the unemployment benefits he was entitled to.

14.    In addition to retaliating against Mr. Codina for taking leave under FMLA, Penske also improperly (and unlawfully) refused to pay Mr. Codina the proper rate of pay for the

numerous hours of overtime that he worked for Penske. Specifically, Defendant violated the FLSA by improperly designating its drivers as exempt, salaried employees.

## V.
## CAUSES OF ACTION

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

15.     Codina hereby incorporates all the facts contained in §IV of this Plaintiff's Complaint as if set forth fully herein.

16.     Codina took time off from work from time to time because he needed to care for his wife due to her having cancer, a serious health condition.

17.     Codina harassed and ultimately fired Codina in retaliation for him taking FMLA Leave.

18.     Defendant's retaliation against Codina was in violation of 29 U.S.C. §2601, *et. seq.*

19.     Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Dickerson.

20.     As a result of Defendant's actions in violation of the FMLA, Codinahas suffered loss of wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life in the past, and which will, in all probability, continue in the future.

### STATUTORY DAMAGES UNDER FMLA

21.     Codina has been forced to incur reasonable attorney's fees and court costs and seeks to recover for these costs pursuant to 29 U.S.C. §2617(a)(3).

22.     Codina is entitled to damages equal to the amount of his wages, salary, employment benefits, and any other compensation denied or lost by reason of this FMLA violation pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(I).

23.     Pursuant to 29 U.S.C. §2617(a)(1)(A)(ii), Codina is entitled to the interest on the amount calculated in 29 U.S.C. §2617(a)(1)(A)(i)(I), calculated at the prevailing rate.

24.     Pursuant to 29 U.S.C. §2617(a)(1)(A)(iii), Codina is entitled to an additional amount as liquidated damages equal to the sum of the amount described in 29 U.S.C. §2617(a)(1)(A)(i)(I) and the interest described in 29 U.S.C. §2617(a)(1)(A)(ii).

25.     Pursuant to 29 U.S.C. §2617(a)(1)(B), Codina is entitled to such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

## FLSA VIOLATIONS/COLLECTION ACTIONS

26.     Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

27.     Other similarly situated employees of Defendant were regularly required to work in excess of 40 (forty) hours per week.

28.     The foregoing facts demonstrate that Defendant willfully violated the Fair Labor Standards Act with regard to Plaintiff Codina and all other similarly situated employees.

29.     Plaintiff brings his FLSA claim as a collective action.

30.     Plaintiffs request all damages allowed to them under the FLSA for Defendant's willful violation of the FSLA.

**DAMAGES UNDER THE FLSA**

31.     Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

32.     Plaintiffs have lost compensation for the period of time allowed by law that Defendant failed to pay Plaintiffs for the overtime hours they worked.

33.     The FLSA violations of the Defendant give rise to the following damages:  back wages, liquidated damages, pre-judgment interest, and attorneys' fees.

34.     In addition, Plaintiffs seek attorneys' fees, expert witness fees, pre-judgment and post-judgment interest, and costs of court as allowed under the relevant statute.

**ATTORNEY'S FEES UNDER THE FLSA**

35.     Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

36.     As a result of the acts and omissions of Defendant, as specifically set forth herein, it was necessary for Plaintiffs to secure counsel to present and prosecute this matter on their behalf.

37.     Plaintiffs are entitled to recover attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 201, *et seq.*, and other relevant statutes.

**VI.**
**JURY DEMAND**

38.     Codina requests a trial by jury on all issues triable by a jury.

## VII.
## PRAYER

39.   **WHEREFORE, PREMISES CONSIDERED,** Codina prays that Defendant be cited to appear herein, and that after trial by jury, a judgment be entered granting Codina the following:

A.   Issue notice to all similarly situated assistant managers of their right to file consents to join this FLSA action;

B.   Award plaintiff and all class members their unpaid overtime rate of pay for all hours worked in excess of forty per single work week during the relevant period;

C.   Award plaintiff and all class members liquidated damages in the amount equal to the amount of their unpaid overtime rate of pay for all hours worked in excess of forty per single work week as provided under 20 U.S.C. § 216(b);

D.   Award plaintiff and all class members their reasonable and necessary attorneys' fees;

E.   Award pre-judgment and post-judgment interest as allowed by law;

F.   Award costs of court, costs of prosecuting Plaintiffs' claim;

G.   Award such other and further relief to which Plaintiffs may be justly entitled: and

H.   Award Plaintiff Codina all damages he is legally entitled to as a result of Defendant retaliating against him and terminating him because he took leave under the FMLA.

Respectfully submitted,

 /s/ Andrew L Mintz
Andrew L. Mintz
Texas Bar No. 24037120
SD TX I.D. No. 35220
andrew@almintzlawfirm.com
ANDREW L. MINTZ, PLLC
2100 West Loop South, Suite 1125

Houston, Texas 77027
Ph: (713) 859-3828
Fax: (832) 626-0389

**ATTORNEY FOR PLAINTIFF**
**RYAN CODINA**

8