UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYAN CODINA,<br><br>        Plaintiff,<br><br>v.<br><br>PENSKE LOGISTICS, LLC,<br><br>        Defendant. | Civil Action No. 4:26-CV-01603 |

**DEFENDANT PENSKE LOGISTICS, LLC'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................ 1

II.    FACTUAL BACKGROUND ................................................................ 1

III.   ARGUMENT ...................................................................................... 2

       A.    Legal standard.......................................................................... 2

       B.    Plaintiff's retaliation claim does not causally link any FMLA-
             protected activity to an adverse action................................... 2

       C.    Plaintiff's FMLA harassment claim is not a valid or plausible
             claim.......................................................................................... 5

       D.    Plaintiff's damage theories untethered to employment wages or
             benefits are not recoverable under the FMLA. ....................... 6

IV.    CONCLUSION................................................................................... 7

## I.     INTRODUCTION

Plaintiff was employed as a commercial truck driver by Penske Logistics, LLC ("Penske"). He was terminated on September 18, 2025, after multiple corrective actions for safety violations.

In his First Amended Complaint, Plaintiff dropped his individual overtime claim as well as the collective action claims under the Fair Labor Standards Act. Plaintiff's remaining retaliation and harassment claims under the Family Medical Leave Act ("FMLA") do not meet the Rule 12(b)(6) plausibility standard. Additionally, because statutory damages are limited to wages, benefits, and other compensation denied or lost by reason of an alleged FMLA violation, Plaintiff's claims for punitive damages, emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life must be dismissed.

## II.     FACTUAL BACKGROUND[1]

Plaintiff alleges that he worked for Penske as a driver from February 2023 until September 18, 2025. ECF No. 14, ¶¶ 1, 11. Plaintiff states that he took intermittent FMLA leave beginning on July 15, 2024, to care for his wife who was diagnosed with cancer. *Id*. ¶ 12. Plaintiff further alleges that as soon as he began to take intermittent FMLA leave, Penske retaliated against him "by treating him worse" and gave him "unwarranted disciplinary actions" that led to his termination. *Id*. Finally, Plaintiff alleges that his termination for "aggressive driving" prevented him

---

[1] These factual allegations are taken from the First Amended Complaint and adopted solely for purposes of this motion. As such, Penske does not intend to waive its right to deny and/or contest any of the factual allegations contained in the First Amended Complaint or any subsequent amended complaint(s) filed with this Court.

from being granted unemployment benefits by the Texas Workforce Commission. *Id*. ¶ 13.

## III.   ARGUMENT

### A.    Legal standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a Plaintiff must set forth factual allegations creating a "plausible" entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "[A] formulaic recitation of a cause of action's elements will not do." *Id*. at 555. Similarly, a Plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to "conclusory allegations or legal conclusions masquerading as factual conclusions[.]" *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Rather, the nonmoving party must allege facts that, when accepted as true "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Coleman v. John Moore Services, Inc.*, No. H-13-2090, 2014 WL 51290, at *2 (S.D. Tex. Jan. 7, 2014).

### B.    Plaintiff's retaliation claim does not causally link any FMLA-protected activity to an adverse action.

Plaintiff has not alleged a plausible claim of retaliation under the FMLA. The First Amended Complaint alleges in conclusory fashion that after Plaintiff began taking intermittent FMLA leave in July 2024, he was "treated worse" and subjected to "unwarranted disciplinary actions" and that led to his termination for "aggressive driving." ECF No. 14, ¶¶ 12, 13. These sparse allegations do not meet the Rule 12(b)(6) standard, which requires more than "labels and conclusions" or "naked

2

assertions devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557)).

To state a claim for FMLA retaliation, Plaintiff "must demonstrate: 1) he was protected under the FMLA; 2) he suffered an adverse employment action; and 3) he was treated less favorably than an employee who had not requested leave under FMLA or the adverse decision was made because he sought protection under the FMLA.'" *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017) (quoting *Mauder v. Metro. Transit Auth. of Harris Cty. Tex.*, 446 F.3d 574, 583 (5th Cir. 2006)). The third element of a retaliation claim requires the employee to show a causal link between the FMLA-protected activity and an adverse action. *Id.* (quoting *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005)). A causal link must be established by pleaded facts and by more than mere temporal proximity. *Besser v. Texas Gen. Land Off.*, No. A-17-CV-1010-SS, 2018 WL +1353936, at *5 (W.D. Tex. Mar. 15, 2018), *aff'd*, 834 F. App'x 876 (5th Cir. 2020).

Plaintiff does not allege that he was treated less favorably than any other employee because he took FMLA leave. And Plaintiff does not plausibly allege that any adverse action was taken because of an FMLA-protected activity. In other words, Plaintiff does not allege—directly or otherwise—that Penske terminated him because of, or even in connection with, his intermittent FMLA leave. *See Cepeda v. Emerald Corr. Mgmt. LLC*, No. EP-18-CV-150-PRM, 2018 WL 4999973, at *5 (W.D. Tex. Aug. 28, 2018) (dismissing FMLA retaliation claim because the "[p]laintiff provides no information regarding the alleged retaliation, and instead only states in summary terms that [d]efendants retaliated against [plaintiff]").

The First Amended Complaint does not allege that Plaintiff was denied any requested FMLA leave. Nor does Plaintiff allege facts plausibly supporting a claim that he was "treated worse" because he took FMLA leave, as he provides no factual detail to support that conclusory assertion. ECF No. 14, ¶ 12. Moreover, Plaintiff does not allege how the non-discriminatory reason for his termination—aggressive driving—was connected to taking FMLA leave. *Id.* ¶ 13. As such, there is no plausible causal link between any adverse employment action and an FMLA-protected activity. *See Norsworthy v. Houston Indep. Sch. Dist.*, No. H-22-821, 2022 WL 3043411, at *5 (S.D. Tex. Aug. 2, 2022) (dismissing FMLA claim where no causal link connected the alleged lack of promotion to plaintiff's requests for leave).

Additionally, the fourteen-month gap between when Plaintiff alleges to have first requested FMLA and his termination is not sufficient to provide the necessary causal link to survive dismissal. ECF No. 14, ¶¶ 11-12. Courts consistently hold that a timespan of two to five months is not sufficient to allege causation based on temporal proximity. *See Potts v. United Parcel Serv.*, No. 3:11-CV-2407-L, 2013 WL 4483080, at *13 (N.D. Tex. Aug. 22, 2013) (two-month period in between leave and termination is insufficient to show temporal proximity); *Besser*, 2018 WL 1353936, at *5 (dismissing FMLA retaliation claim where temporal proximity of two and a half months was "not close enough to establish a causal link by itself"); *Teal v. Georgia-Pacific Wood Products LLC*, 757 F. Supp. 3d 709, 725 (E.D. Tx. 2024) (finding a four-month gap between exhaustion of FMLA leave and termination does not have close enough temporal proximity).

4

Finally, there is no support for an FMLA retaliation claim based on a post-termination denial of unemployment benefits by the Texas Workforce Commission. An employer's lawful and legitimate opposition to an employee's application for unemployment benefits does not constitute a materially adverse action. *Girling v. JHW Services, LLC*, No. SA21CV0532JKPESC, 2022 WL 80279, at *3 (W.D. Tex. Jan. 7, 2022) ("If the mere act of opposing unemployment benefits constitutes an 'adverse employment action' . . . then every employer who invokes its right to oppose such benefits may find itself the subject of a retaliation claim.") (quoting *Adamchik v. Compservices, Inc.*, No 10-949, 2010 WL 5139076, at *1 (W.D. Pa. Dec. 9, 2010)).

## C.    Plaintiff's FMLA harassment claim is not a valid or plausible claim.

Plaintiff's FMLA harassment claim is not a proper claim. Courts have consistently held that the FMLA does not provide protection from harassment. *See Smith-Schrenk v. Genon Energy Servs., L.L.C.*, No. H-13-2902, 2015 WL 150727, at *4 n.60 (S.D. Tex. Jan. 12, 2015) ("the court has not found any case wherein a federal court has recognized a FMLA cause of action based on hostile environment harassment."); *Butler v. Collins*, No. 3:18-CV-00037-E, 2023 WL 318472, at *20 (N.D. Tex. Jan. 19, 2023), aff'd, No. 23-10072, 2025 WL 1753612 (5th Cir. June 25, 2025) ("The Court has located no language from the FMLA or precedential case law that recognizes a cause of action for 'harassment'…under the FMLA…Without support in the FMLA or other precedent, the Court declines to recognize Plaintiff's 'harassment'…claim as pleaded under the FMLA.").

Even if FMLA harassment was a recognized claim, Plaintiff has not plausibly alleged facts indicating harassment occurred in relation to his intermittent FMLA

5

leave. Instead, the First Amended Complaint states only the single allegation that Penske "harassed" him. ECF No. 14, ¶ 16.[2] Without alleging facts such as how, when, or who allegedly harassed him, this claim does not cross the plausibility threshold and should be dismissed.

**D.    Plaintiff's damage theories untethered to employment wages or benefits are not recoverable under the FMLA.**

Plaintiff cannot recover punitive damages, emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life under the FMLA. Under the Act, only monetary damages such as wages, employment benefits, and other compensation denied or lost are recoverable. 29 U.S.C. § 2617(a); *see Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929-930 (1st Cir. 1999) (recognizing that § 2617 limits recovery of damages to compensation tied to the employment *quid pro quo*). Courts have specifically held that these damage theories are not proper. *See Sturza v. Loadmaster Eng'g, Inc.*, No. CIV. A. H-07-2500, 2008 WL 1967102, at *3 (S.D. Tex. May 1, 2008) (holding that "[t]he remedies available under the FMLA do not include emotional distress or punitive damages.") (citing cases). Accordingly, Plaintiff's request for punitive damages, emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life must be dismissed. *See Jones v. Katy Indep. Sch. Dist.*, No. 4:24-CV-1039, 2025 WL 816719, at *4 (S.D. Tex. Mar. 13, 2025) (dismissing request under for punitive damages under the FMLA).

---

[2] The First Amended Complaint states that "Codina harassed and ultimately fired Codina in retaliation for him taking FMLA Leave." ECF No. 14, ¶ 16. Penske assumes that Plaintiff intended to allege "Defendant" as the noun in this phrase.

## IV.    CONCLUSION

For these reasons, the Court should dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. Additionally, Plaintiff's request for punitive and other non-monetary damages should be dismissed with prejudice.

Dated: May 5, 2026                                  Respectfully submitted,

                                                    */s/ Emily A. Quillen*
                                                    Emily A. Quillen
                                                    Texas Bar No. 24045624
                                                    S.D. Tex. Bar #2050949
                                                    SCOPELITIS, GARVIN, LIGHT, HANSON
                                                    & FEARY, P.C.
                                                    777 Main Street, Suite 3450
                                                    Fort Worth, Texas 76102-5304
                                                    Telephone: (817) 869-1700
                                                    Facsimile: (817) 878-9472
                                                    equillen@scopelitis.com

                                                    COUNSEL FOR DEFENDANT,
                                                    PENSKE LOGISTICS, LLC

## CERTIFICATE OF SERVICE

On May 5, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                    */s/ Emily A. Quillen*
                                                    Emily A. Quillen

7